860 F.2d 1080
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel PERRY, Plaintiff,
Gregory Howard, Plaintiff-Appellant,
v.
Dale FOLTZ, Herbert Grinage, A. Sherrod, Defendants-Appellees.
 No. 88-1367.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1988.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Gregory Howard appeals the summary judgment for the defendant prison officials in this civil rights action filed under 42 U.S.C. Sec. 1983. He commenced this action while an inmate in protective custody at the State Prison of Southern Michigan at Jackson. He alleged that defendants (1) denied him access to the courts; (2) subjected him to filthy conditions in protective control; (3) subjected him to assaults by other inmates; and (4) subjected him to protective control without administrative reviews required under state law. Defendants moved for summary judgment.
 
 
 3
 The magistrate recommended that summary judgment for defendants be granted. Plaintiff filed objections to the magistrate's recommendation, and renewed a motion for a temporary restraining order. The district court adopted the magistrate's recommendation and granted summary judgment for defendants.
 
 
 4
 Upon careful consideration, we affirm the summary judgment with respect to plaintiff's first two claims. Plaintiff did not adequately allege a deprivation of his first amendment right to access to the courts. See Childs v. Pellegrin, 822 F.2d 1382, 1385 (6th Cir.1987); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Plaintiff alleged no specific conditions of his confinement which, alone or combined, constitute a deprivation of "life's necessities" under the eighth amendment. See Walker, 771 F.2d at 925 (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Accordingly, summary judgment for defendants was proper with respect to these claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-52 (1986).
 
 
 5
 However, we conclude that plaintiff established a genuine issue of material fact with respect to his final two claims. Plaintiff alleged that defendants knew that he was housed with known enemies in protective custody and that he ahd been assaulted three times. Nothing in the record before this court refutes these allegations. In view of the uncontroverted allegations, we must conclude that a genuine issue remains with respect to whether defendants were deliberately or callously indifferent to plaintiff's safety. See Davidson v. Cannon, 474 U.S. 344, 346 (1986). Further, plaintiff alleged that this substantive deprivation occurred in part because defendants failed to conduct adequate monthly reviews of his protective custody status as required under state law. Under these circumstances, we conclude that a genuine issue remains as to whether plaintiff was also deprived of a constitutionally protected liberty interest. Cf. Childs, 822 F.2d at 1386-89 (continued placement in administrative segregation after justification for placement is eliminated may violate due process). Thus, we conclude that summary judgment for defendants was not appropriate with respect to these claims. See Anderson, 477 U.S. at 248.
 
 
 6
 Accordingly, the judgment of the district court is affirmed with respect to plaintiff's first two claims. Rule 9(b)(5), Rules of the Sixth Circuit. The judgment of the district court is vacated with respect to plaintiff's remaining claims and the case is remanded for further consideration consistent with this opinion. Rule 9(b)(6), Rules of the Sixth Circuit.